Oscar H. Comfort vs. Angeline M. Sprague and Husband.

## January 14, 1884.

Husband and Wife — Authority to employ Attorney — Evidence. —
Where a husband employs an attorney to bring suit in the names of himself and wife in respect to her separate property, the question of the husband's authority to act in so doing for his wife is to be tried in the same manner as that of authority by any other person employing the attorney; but the jury may consider the situation and relation of the parties in determining whether the husband acted as agent for the wife, or for both, or in his own sole behalf.

Evidence considered, and held it should have been submitted to the jury.

Appeal by plaintiff from an order of the district court for Hennepin county, Young, J., presiding, refusing a new trial.

F. B. Hart, for appellant.

Rea, Kitchel & Shaw, for respondent, cited Welch v. Huntington, 23 Minn. 89; Kerchner v. Kempton, 47 Md. 568; Schouler on Husband & Wife, §§ 277, 278; Jones v. Walker, 63 N. Y. 612.

Gilfillan, C. J. Action against defendants, they being husband and wife, for services rendered at their request in attending, as an at-

torney-at-law, to two actions brought by them involving Mrs. Sprague's title to real estate, and the object of which was to protect that title, and also for moneys paid by plaintiff for them in those actions. This action was, when plaintiff rested at the trial, dismissed as to Mrs. Sprague, on the ground that no employment of plaintiff by her had been shown. We think the case ought to have gone to the jury. The testimony indicates that the husband, on behalf of himself and wife, employed plaintiff to bring the suits; that she knew of this; that they were accordingly brought by him in the name of the two, to protect the wife's interests; that the wife knew they were so brought, and communicated by letter with plaintiff with regard to them, requesting him to go on and protect her interests; that she left the whole matter to her husband, and that she spoke of plaintiff as her counsel.

A married woman may with certain restrictions make contracts as fully as though she were a *feme sole*. She may bring suits in respect to her separate property, and employ attorneys to bring and attend to them. She may do this by agent, as a *feme sole* may. She may constitute her husband her agent for that purpose, and, when she does so, she will be bound by his acts. When the husband employs an attorney to bring a suit in the name of himself and wife with respect to her separate property, the situation of the parties and the circumstances may be such as to justify a jury in concluding that he does so at his sole cost, and so as to be solely liable to the attorney for his fees, even though his act was known to and acquiesced in by the wife. But there is no presumption of law to that effect. The jury may consider the relation of the parties in determining as a fact whether the husband acted in employing the attorney as agent for his wife, or for both, or in his own sole behalf. But that is the only way in which the relation can be considered. Otherwise, the case is the same as though one, not her husband, but having some interest with her in the property, should employ an attorney in the name of the married woman and himself to bring an action to protect the property.

Evidence tending to show that the act of her husband in employing an attorney for himself and her was known to, and was acquiesced

in, and assented to by her was proper. The court below, apparently upon some theory that the case should be tried differently from a case where one not the husband assumes to act as agent for a married woman, in several instances excluded evidence having that tendency, and therein erred.

Order reversed.